**Sheng Li LIN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 03–4109.

United States Court of Appeals, Second Circuit.

June 9, 2005.

———————

Tao Lin, Caesar & Napoli, New York, NY, for Petitioner.

Michael A. Battle, United States Attorney for the Western District of New York (Brian M. McCarthy, Assistant United States Attorney,), Rochester, NY, for Respondent, of counsel.

Present: MINER, SACK, Circuit Judges, and SPATT,* District Judge.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition be, and it hereby is, DENIED.

Petitioner Sheng Li Lin, a citizen of China, petitions for review of a December 31, 2002, Board of Immigration Appeals ("BIA") decision summarily affirming an Immigration Judge's ("IJ") decision of November 16, 2000, denying his application for asylum and withholding of removal.

In his petition, Lin claims that his wife was forced to have an abortion in October 1992, while she was pregnant with their third child. He also claims that his wife was forced to be sterilized and that he and his wife were fined for violating China's family planning policy. Lin argues in his petition that no reasonable fact-finder would have reached the same conclusion as that reached by the IJ.

The success of Lin's petition hinges on his credibility; the IJ found him not to be credible with respect to crucial facts relating to his application. After Lin's removal hearing, the IJ concluded, "I have observed the respondent['s] testimony and demeanor in court today. I did not find the respondent to be [a] persuasive or plausible witness with regard to the material elements of his claim. . . ." IJ Decision at 8. Specifically, the IJ concluded that Lin was unable to provide details about his wife's purported abortion and sterilization; that he testified implausibly with respect to his wife's alleged IUD implantation; and that problems with Lin's supporting documents also rendered him not credible.

We review the IJ's factual findings for "substantial evidence." "Under this standard, a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as

* Of the United States District Court for the Eastern District of New York, sitting by designation.

a whole." *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)). To reverse under this standard, "we must find that the evidence not only *supports*" the opposite conclusion, "but *compels* it." *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (emphasis in original). Thus, the scope of our review is "exceedingly narrow." *Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003) (per curiam).

Examining the record within the scope of our "exceedingly narrow" review, we cannot conclude that the evidence compels us to grant Lin's petition. Accordingly, we must deny his petition. There are sufficient problems with Lin's application to lend substantial evidence to the IJ's conclusion. For example, Lin provided what he claimed to be an X-ray showing his wife's sterilization, along with what he claimed was a letter from a doctor examining the X-ray. However, the doctor's letter clearly refers to a different X-ray, despite the fact that Lin testified that there was only one X-ray of his wife. When confronted with this discrepancy, Lin was unable to provide an explanation. This problem with Lin's application, along with other problems and inconsistencies identified by the IJ—for example, that Lin was unable to provide sufficient details of his wife's purported abortion and sterilization—lend substantial evidence to the IJ's determination.

Lin also argues that the BIA's summary affirmance of the IJ's denial of Lin's application "violated elementary principles of adjudication." As this Court has noted, however, " 'summary affirmance by the BIA' is permissible 'when the immigration judge's decision below contains sufficient reasoning and evidence' to permit proper judicial review." *Zhang v. Dep't of Justice,* 362 F.3d 155, 158–59 (2d Cir.2004)

(quoting *Arango–Aradondo v. INS,* 13 F.3d 610, 613 (2d Cir.1994)). We conclude that the IJ's decision contained sufficient reasoning such that the BIA's summary affirmance was proper.

For the foregoing reasons, the petition for review of the order of the Board of Immigration Appeals is hereby DENIED.